[No. A023366. First Dist., Div. One. Mar. 26, 1985.]

PAMELA BRUCE et al., Plaintiffs and Respondents, v.
CITY OF ALAMEDA et al., Defendants and Respondents;
ALAMEDA IMPROVEMENT ASSOCIATION, INC.,
Intervener and Appellant.

**COUNSEL**

Russell W. Taylor and Taylor & Field for Intervener and Appellant.

Peter E. Sheehan for Plaintiffs and Respondents.

No appearance for Defendants and Respondents.

**OPINION**

**ELKINGTON, J.**—The superior court entered summary judgment for plaintiffs Bruce and Walker, in their action against defendant City of Ala-

meda (a charter city) to have a certain initiative ordinance, described as "Measure I," judicially nullified. Alameda Improvement Association, Inc., which by leave of court had intervened in the action, has appealed from the judgment; defendant City of Alameda has not.

The superior court had concluded, despite the charter city "home rule" provisions of the state's Constitution, article XI, section 5, subdivision (a), that the Legislature's enactment of Government Code section 65008 had preempted the field purportedly covered by Measure I, with which it (section 65008) was in conflict.

Measure I contained the following language: "For a period of five years no more government subsidized rental housing units shall be developed in the City of Alameda, unless development of such rental units is first approved by a majority of the voters in the City of Alameda.

"Development of rental units for senior citizens and the handicapped exclusively shall be exempt from this ordinance."

▄▄▄ The first of the intervenor association's appellate contentions, follows: "Government Code § 65008, as applied to the City of Alameda, is in violation of article XI, § 5, subd. (a) of the California Constitution."

Article XI, section 5, subdivision (a) of the Constitution states: "It shall be competent in any city charter to provide that the city governed thereunder may make and enforce all ordinances and regulations in respect to municipal affairs, subject only to restrictions and limitations provided in their several charters and in respect to other matters they shall be subject to general laws. City charters adopted pursuant to this Constitution shall supersede any existing charter, and with respect to municipal affairs shall supersede all laws inconsistent therewith. . . ."

It will be noted that such autonomous legislative power as is thereby vested in the state's charter cities, relates *only to "municipal affairs,"* and that "in respect to other matters [i.e., those of statewide concern] they shall be subject to *general laws.*"

Measure I, it will be observed, restricts development of low cost, low rental, "government subsidized" housing units.

Government Code section 65008, as here relevant, states: "No city . . . shall, in the enactment or administration of ordinances pursuant to this title, prohibit or discriminate against a residential development because such de-

velopment is intended for occupancy by persons and families of low and moderate income. . . ."

It is patent that the City of Alameda's ordinance, and the state's statute, are in deep conflict.

■    The apposite rule will be found in *Baggett* v. *Gates* (1982) 32 Cal.3d 128, 135-136 [185 Cal.Rptr. 232, 649 P.2d 874]: "The general home rule provision of the Constitution gives chartered cities the power to 'make and enforce all ordinances and regulations in respect to municipal affairs, subject only to [the] restrictions and limitations provided in their several charters. . . .' (Cal. Const., art. XI, § 5, subd. (a).) Further, charter provisions, ordinances or regulations 'relating to matters which are purely "municipal affairs"' prevail over state laws covering the same subject. . . . *'As to matters which are of statewide concern, however, home rule charter cities remain subject to and controlled by applicable general state laws regardless of the provisions of their charters* [our italics]. . . .' . . . Accordingly, the applicability of the Bill of Rights Act to charter cities turns on whether the matters it addresses are of statewide concern or are 'strictly' a municipal affair." (And see authority there collected.)

■    The issue then is whether Government Code section 65008, a general law, legislates upon *a matter of statewide interest and concern.*

It has recently been judicially observed that "changes, urbanization and population growth have wrought an enormous transformation in the contemporary housing market, creating a scarcity of adequate low cost housing in virtually every urban setting." (*Green* v. *Superior Court* (1974) 10 Cal.3d 616, 625 [111 Cal.Rptr. 704, 517 P.2d 1168].)

And the Legislature has often spoken on the subject: "[T]here continues to exist throughout the state a seriously inadequate supply of safe and sanitary dwelling accommodations for persons and families of low income. This condition is contrary to the public interest. . . ." (Health & Saf. Code, § 33250.) And: "[T]he early attainment of decent housing and a suitable living environment for every California family is a priority of the highest order"; and that, "[t]he provision of housing affordable to low and moderate income households requires the cooperation of all levels of government." (Gov. Code, § 65580.)

■    And: "Although what constitutes a matter of statewide concern is ultimately an issue for the courts to decide, it is well settled that this court will accord 'great weight' to the Legislature's evaluation of this question.

(*Bishop* v. *City of San Jose* [1969] 1 Cal.3d at p. 63 [81 Cal.Rptr. 465, 460 P.2d 137].)" (*Baggett* v. *Gates, supra,* 32 Cal.3d 128, 136.)

These high pronouncements do no more than iterate what is the common knowledge of all. (See Evid. Code, § 452, subd. (h).)

■ We hold, as was concluded by the superior court, that locally unrestricted development of low cost housing is a matter of vital state concern. No merit is discerned in the instant contention.

The next of the intervener association's appellate contentions is that: "Measure I does not conflict with Government Code § 65008."

For the reasons stated above we have concluded otherwise, and find the contention invalid.

The remaining appellate contention is stated as follows: "The state has not 'preempted' the field of mandatory referenda for low income housing."

■ In the determination of such an issue: "The task is . . . to determine whether the state has occupied a relevant field—an area of legislation which includes the subject of the local legislation, and is sufficiently logically related so that a court, or a local legislative body, can detect a patterned approach to the subject." (*Galvan* v. *Superior Court* (1969) 70 Cal.2d 851, 862 [76 Cal.Rptr. 642, 452 P.2d 930].) ■ Applying this authority we must, and do, hold that Government Code section 65008 has preempted the field purported to be covered by Measure I.

We think it proper to note that the intervener association places no reliance upon the state's Constitution, article XXXIV, section 1. (Cf. *California Housing Finance Agency* v. *Patitucci* (1978) 22 Cal.3d 171 [148 Cal.Rptr. 875, 583 P.2d 729], *passim.*) That constitutional provision permits the development, construction, or acquisition of "low rent housing projects" by a "*city, town* or *county*" *only* on approval of a majority of its voters; Measure I, with which we are here concerned, thus relates only to *privately* owned and developed *government subsidized* rental housing units. And it is found unnecessary to pass upon plaintiffs' argument that Measure I violates the "equal protection" clauses of the state and federal Constitutions. ■ Reviewing courts will not reach constitutional questions unless absolutely required to do so in order to dispose of matters before them. (*People* v. *Green* (1980) 27 Cal.3d 1, 50 [164 Cal.Rptr. 1, 609 P.2d 468]; *Bayside Timber Co.* v. *Board of Supervisors* (1971) 20 Cal.App.3d 1, 5-6 [97 Cal.Rptr. 431].)

The summary judgment is affirmed.

Racanelli, P. J., and Holmdahl, J., concurred.